812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bennie CRAFT, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-3051.
 United States Court of Appeals, Sixth Circuit.
 Jan. 16, 1987.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services, which denied plaintiff's application for social security disability benefits.
 
 
 2
 As noted by the district court, the Secretary granted plaintiff a "closed period of disability" from August 1980 to February 11, 1982, due to the effects of a fractured tibia and subsequent corrective surgery. In determining that plaintiff was capable of sedentary work on February 11, 1982, the Secretary relied upon a medical report of that date from plaintiff's attending orthopedic surgeon, who observed that plaintiff "has progressed to excellent healing". It was the physician's opinion that plaintiff suffered from a permanent partial disability rated at "approximately twenty (20) per cent of the total knee."
 
 
 3
 The essence of plaintiff's contention on appeal is that, although there may be evidence to support a finding that he was not disabled after February 11, 1982 from the effects of his physical injury alone, nevertheless, he was disabled when that condition is considered in combination with his depression neurosis, a condition which was reported by a psychologist on December 30, 1981.
 
 
 4
 It was plaintiff's burden to establish an inability to engage in any substantial, gainful activity by reason of a medically determinable physical or mental impairment. The findings of the Secretary, as to any fact, if supported by substantial evidence, are conclusive. Haynes v. Secretary of Health and Human Services, 734 F.2d 284 (6th Cir.1984).
 
 
 5
 Accordingly, since plaintiff disputes the Secretary's findings, the standard to be applied in our review of the Secretary's decision is the same as that which the district court was required to apply--whether the decision of the Secretary is supported by substantial evidence.
 
 
 6
 It is not for us to reweigh the evidence de novo with a mind to substituting our view of the evidence for that taken by the Secretary, should we disagree with his conclusion. Instead, we are to examine the evidence with a mind to determining whether the Secretary's conclusion is rational, in the sense that it is supported by the kind of relevant evidence which a reasonable mind might accept as adequate to support a conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 7
 We are unable to find any reports in the record from physicians which evaluate the combined effect of the two conditions. It is difficult to ascertain whether the psychologist's opinion, that plaintiff was "unable to withstand the stress and pressure associated with day-to-day work activity" was based solely upon his evaluation of plaintiff's mental condition, or whether it was predicated upon the combined effect of the two conditions. Because the psychologist, a doctor of philosophy, was not medically trained, he was not competent to evaluate the medical significance of the objective findings of an examining medical doctor, and was therefore in no position to render a combined effect evaluation.
 
 
 8
 Accordingly, if the psychologist's opinion was based on his assessment of the combined effect of the two conditions, his report would not support a finding of total disability. Nor was the Secretary bound by the psychologist's opinion if it was predicated solely upon the mental condition. Since the determination of disability is for the Secretary, he may test the reliability of an expert witness' report by examining it for facial infirmities, internal inconsistencies and other factors that might impeach the credibility of the expert's resulting opinion. Although the Secretary may not disregard the objective clinical findings of an examining medical expert witness, to require the Secretary to unquestioningly accept the opinion of an expert would be tantamount to allowing the witness, rather than the Secretary, to make the ultimate determination of disability.
 
 
 9
 The administrative law judge, who observed plaintiff at the hearing, was unable to discern the manifestations of depressive neurosis that the psychologist said were so apparent, and noted that no examining physician had commented on those manifestations. In addition, the administrative law judge and the magistrate observed that the psychologist saw plaintiff on only one occasion; that he saw him for purposes of evaluation as opposed to treatment; that the report suffered from internal inconsistencies, and that the psychologist's opinion enjoyed little support from his clinical findings.
 
 
 10
 Accordingly, we are unable to say that there was not substantial evidence to support the conclusion of the Secretary that plaintiff failed to carry his burden of establishing that he was disabled within the contemplation of the Social Security Act.
 
 
 11
 The order of the district court, affirming the denial by the Secretary of plaintiff's application for social security disabilty benefits, is AFFIRMED.